ZION WHEEL BAPTIST CHURCH, APPELLANT, V. DAVID L. HERZOG ET AL., APPELLEES.

543 N.W.2d 445

Filed February 16, 1996. No. S–94–177.

Steven J. Olson and Brian J. Siebken, of Liakos & Olson, for appellant.

John B. Henley, of Katskee, Henatsch & Suing, for appellees.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

WRIGHT, J.
Zion Wheel Baptist Church (Zion) sued David L. Herzog; David L. Herzog, P.C.; and Fromkin, Herzog & Becker, a law partnership (collectively referred to as "the defendants"), alleging professional negligence arising out of a real estate

transaction. The defendants moved for summary judgment, asserting that the action was time barred. The district court granted the defendants' motion for summary judgment, and Zion appealed.

## SCOPE OF REVIEW

In appellate review of a summary judgment, the court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Lindsay Mfg. Co. v. Universal Surety Co.*, 246 Neb. 495, 519 N.W.2d 530 (1994).

The point at which a statute of limitations begins to run must be determined from the facts of each case, and the decision of the district court on the issue of the statute of limitations normally will not be set aside by an appellate court unless clearly wrong. *Id.*; *Central States Resources v. First Nat. Bank*, 243 Neb. 538, 501 N.W.2d 271 (1993).

## FACTS

In 1981, Herzog, as trustee for the Michael Adams Trust, acquired a tract of land which was ultimately subdivided into two parcels. We will refer to the land as parcel 1 and parcel 2. On October 29, 1985, the city of Omaha levied a special assessment of $195,345.62 against the parcels for the costs of demolishing the building that previously stood on the parcels.

On January 17, 1987, Zion retained Herzog as its attorney to represent it in the purchase of parcel 2 from the Michael Adams Trust. After the purchase, Zion made improvements to parcel 2 which totaled approximately $106,600. On September 10, Herzog requested from the Douglas County assessor's office a lot split and a religious tax exemption with regard to parcel 2. These requests were denied, but Herzog failed to inform Zion of the denials.

In December 1989, the city served written notice on Herzog and Zion, stating that the city intended to acquire parcels 1 and 2 pursuant to its power of eminent domain for the purpose of redevelopment of blighted areas. Zion alleged that Herzog continued to represent it regarding the city's effort to condemn the property and that Herzog met with representatives of the

city and lobbied other city officials on behalf of Zion.

On March 23, 1990, Zion received a letter from the Omaha Planning Department offering to purchase Zion's interest in parcel 2 for $43,000, but stating that the $43,000 would have to be applied to outstanding taxes and the demolition assessment. Zion consulted with Herzog regarding the March 23 letter, and Herzog opined that the demolition assessment did not apply to parcel 2 because of the administrative subdivision plat approved by the planning board and filed with the Douglas County register of deeds. Zion alleged Herzog advised it that the city had approved the subdivision of parcel 2 from parcel 1 and that the special assessment for demolition costs did not and could not apply to parcel 2. Zion asserted that in reliance on Herzog's legal opinion, it refused the city's offer.

In June 1990, the city commenced condemnation proceedings regarding parcels 1 and 2. Zion alleged that on June 22, Herzog gave Zion his legal opinion that the condemnation of parcel 2 extinguished all claims against it, including taxes. Herzog further advised Zion that the land contract between Zion and Herzog, as trustee, was not extinguished and that Zion should receive a condemnation award of the amount remaining due on the contract. Herzog again restated his legal opinion that the city had approved the subdivision of parcel 2 from parcel 1 and that the demolition assessment lien did not apply to parcel 2. Zion alleged Herzog further advised it that the validity of the demolition assessment lien could not be raised in county court, but would have to be raised in an appeal to the district court. Zion asserted that in reasonable reliance on the aforesaid legal opinions given by Herzog, it continued to retain Herzog and authorized him to represent it in the condemnation proceedings.

On August 17, 1990, the appraisers appointed by the Douglas County Court found that the fair market value of the taking of parcels 1 and 2 was $106,600 and awarded the same to the Douglas County treasurer by virtue of the delinquent general taxes and demolition assessment lien existing against parcels 1 and 2 at the time of the taking. Zion alleged that in reasonable reliance on Herzog's legal opinions, Zion continued to retain Herzog to represent it in the condemnation proceeding and authorized Herzog to perfect an appeal to the Douglas County

District Court challenging the sufficiency of the award of damages in the county court.

On June 17, 1992, in the condemnation proceedings, the district court sustained the joint motion for summary judgment of the Douglas County treasurer and the city. Accordingly, the court dismissed Zion's appeal with prejudice on the grounds that the purported subdivision plat was "defective on its face" because it "fail[ed] to evidence a proper subdivision or lot split of the subject property in accordance with Sections 53-1, et seq. of the Omaha Municipal Code" and because it failed "to exhibit the certification of the County Treasurer that there are no regular or special taxes due or delinquent against the property." On June 30, the district court overruled Zion's motion for new trial.

Zion filed its petition for professional negligence against the defendants on January 11, 1993. Zion alleged, inter alia, that Herzog had breached his duty to exercise reasonable skill, care, and learning ordinarily possessed and exercised by attorneys and had breached the fiduciary duty he owed to Zion in the following respects: (1) by failing to advise Zion to obtain a separate attorney to counsel it regarding the land contract; (2) by failing to obtain a certificate of title insurance for Zion prior to the execution of the land contract; (3) by fraudulently and actively concealing from Zion the existence of a special assessment lien for demolition costs on parcel 2 from the time Zion entered into the land contract until March 23, 1990; (4) by advising Zion that said lien was inconsequential because the city had approved the subdivision of parcel 2 from parcel 1, with the effect being that the special assessment for demolition costs did not and could not apply to parcel 2; and (5) by concealing from Zion the fact that the subdivision plat was defective because it did not meet the requirements of § 53-1 et seq. of the Omaha Municipal Code and, therefore, it did not lawfully separate and subdivide parcel 2 from parcel 1, with the result being that the special assessment lien for demolition costs was a valid lien against parcel 2.

The defendants' answer alleged that Zion's action was barred by Neb. Rev. Stat. § 25-222 (Reissue 1989). The defendants subsequently moved for summary judgment, and on January 18,

1994, the district court sustained the motion. The court found that the "two year statute began to run on Aug. 17, 1990 when the report of the appraisers was adopted by the County Court of Douglas County. Plaintiff's cause of action filed on January 11, 1993, is, therefore, barred by the two year statute of limitations."

## ASSIGNMENT OF ERROR

Zion asserts that the district court erred in sustaining the defendants' motion for summary judgment.

## ANALYSIS

Section 25-222 provides in pertinent part:

> Any action to recover damages based on alleged professional negligence . . . shall be commenced within two years next after the alleged act or omission in rendering or failure to render professional services providing the basis for such action; *Provided*, if the cause of action is not discovered and could not be reasonably discovered within such two-year period, then the action may be commenced within one year from the date of such discovery or from the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier . . . .

We first examine the pleadings to determine the basis upon which the district court found that the 2-year statute of limitations began to run from August 17, 1990, the date the report of the appraisers was adopted by the Douglas County Court. From our review of the petition, we find that Zion's cause of action accrued on January 17, 1987, which is the date of the execution of the land contract and the date on which Herzog was retained to represent Zion. At the time Zion purchased parcel 2 for $60,000, it was subject to existing demolition assessments in excess of $195,000.

A cause of action for professional negligence accrues and the statute of limitations begins to run at the time of the act or omission which is alleged to be the professional negligence that is the basis for the cause of action. *Tiwald v. Dewey*, 221 Neb. 547, 378 N.W.2d 671 (1985). A statute of limitations may begin to run at some time before the full extent of damages has been

sustained. *Suzuki v. Holthaus*, 221 Neb. 72, 375 N.W.2d 126 (1985). In the case at bar, Zion's cause of action accrued when it retained Herzog and executed the contract to purchase the property.

Because Zion's petition shows on its face that its cause of action is barred by the statute of limitations, Zion must allege facts explaining why the statute of limitations was tolled. If a petition alleges a cause of action ostensibly barred by the statute of limitations, such petition, in order to state a cause of action, must show some excuse tolling the operation and bar of the statute. *Upah v. Ancona Bros. Co.*, 246 Neb. 585, 521 N.W.2d 895 (1994). Zion must then provide sufficient evidence at the hearing on the summary judgment motion to create a material question of fact on the statute of limitations issue. Since Zion's cause of action accrued more than 2 years from the date it commenced its action against the defendants, Zion's petition must allege why its cause of action was not discovered and could not reasonably have been discovered within such 2-year period. Discovery occurs when the party knows of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery of facts constituting the basis of the cause of action. *Association of Commonwealth Claimants v. Moylan*, 246 Neb. 88, 517 N.W.2d 94 (1994).

Zion's position is that it had 1 year from June 17, 1992, in which to commence the action against the defendants. Under the discovery principle, a cause of action accrues and the 1-year discovery provision of § 25-222 begins to run, when there has been discovery of facts constituting the basis of the cause of action or the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery. It is not necessary that the plaintiff have knowledge of the exact nature or source of the problem, but only knowledge that the problem existed. *Board of Regents v. Wilscam Mullins Birge*, 230 Neb. 675, 433 N.W.2d 478 (1988). If the action is not to be considered time barred, the plaintiff must either file within 2 years of the alleged act or omission or show that its action falls within the exceptions of this section as to its discovery of the defendant's alleged

negligence. *Lindsay Mfg. Co. v. Universal Surety Co.*, 246 Neb. 495, 519 N.W.2d 530 (1994).

In order for a continuous relationship to toll the statute of limitations regarding a claim for malpractice, there must be a continuity of the relationship and services for the same or related subject matter after the alleged professional negligence. *McCook Equity Exch. v. Cooperative Serv. Co.*, 230 Neb. 758, 433 N.W.2d 509 (1988); *Lincoln Grain v. Coopers & Lybrand*, 215 Neb. 289, 338 N.W.2d 594 (1983). Zion alleged a continuing relationship with Herzog which commenced in January 1987 and continued through June 30, 1992, and further alleged that in reasonable reliance on Herzog's legal opinions, it continued to retain Herzog and authorized him to represent it in the condemnation proceedings. Therefore, Zion's petition alleged why its cause of action against Herzog was not and could not reasonably have been discovered within 2 years.

We must next determine whether the record contains sufficient evidence to create a material question of fact as to Zion's allegations why Zion did not discover its cause of action within 2 years of its accrual. A summary judgment is distinguished from a demurrer, in which the court considers the allegations of the pleadings and is required to accept as true all the facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the conclusions of the pleader. See *Seevers v. Potter*, 248 Neb. 621, 537 N.W.2d 505 (1995). The motion for summary judgment required Zion to present evidence showing why the statute of limitations had not run as to its cause of action. After the party moving for summary judgment has shown facts entitling it to a judgment as a matter of law, the opposing party has the burden to present evidence showing an issue of material fact which prevents a judgment as a matter of law for the moving party. *Horace Mann Cos. v. Pinaire*, 248 Neb. 640, 538 N.W.2d 168 (1995).

We review such evidence in a light most favorable to Zion and give it the benefit of all reasonable inferences. In appellate review of a summary judgment, the court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable

inferences deducible from the evidence. *Lindsay Mfg. Co. v. Universal Surety Co., supra.* Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Poppleton v. Village Realty Co.*, 248 Neb. 353, 535 N.W.2d 400 (1995). The point at which a statute of limitations begins to run must be determined from the facts of each case, and the decision of the district court on the issue of statute of limitations will not be set aside by an appellate court unless it is clearly wrong. *McCook Equity Exch. v. Cooperative Serv. Co., supra.*

Zion has pled and presented sufficient facts to create a material issue of fact whether a continuous professional relationship existed between Zion and Herzog from 1987 through 1992, which would toll the statute of limitations. Rev. J.H. Webb testified that on January 17, 1987, the day the purchase agreement was signed, he told Herzog that Herzog would serve as Zion's attorney and that Herzog was to take care of whatever was required for the purchase. Herzog represented Zion in negotiations with the city regarding the liens and continued to represent Zion in the condemnation proceedings and on appeal to the district court. Consequently, there is a material issue of fact whether Zion could reasonably have discovered the facts constituting the basis for its cause of action, or the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry, until June 17, 1992, the date the Douglas County District Court dismissed Zion's appeal.

## CONCLUSION

Having found that there exist material issues of fact which must be resolved as to the statute of limitations, we reverse the judgment of the district court and remand the cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.