GERING - FORT LARAMIE IRRIGATION DISTRICT, APPELLANT, V.
JOHN T. BAKER, DOING BUSINESS AS BAKER & ASSOCIATES,
AND MARLE G. SMITH, APPELLEES.

612 N.W. 2d 897

Filed June 30, 2000.    No. S-98-1247.

John H. Skavdahl, of Skavdahl & Wickersham, for appellant.

Thomas J. Guilfoyle, of Erickson & Sederstrom, P.C., for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Gering - Fort Laramie Irrigation District filed a petition in the district court for Scotts Bluff County against John T. Baker, doing business as Baker & Associates (Baker), and Marle G. Smith, alleging professional negligence in connection with a project relocating irrigation structures along Highway 92, west of Scottsbluff, Nebraska. Baker and Smith filed a motion for summary judgment on October 9, 1998, claiming that the district failed to comply with the 2-year professional negligence statute of limitations, Neb. Rev. Stat. § 25-222 (Reissue 1995). The district thereafter filed a second amended petition on October 21, and the district court permitted the parties to submit additional affidavits. The district court concluded the action was time barred and that the doctrine of fraudulent concealment was unavailable to the district. The district court sustained Baker and Smith's motion for summary judgment on November 5.

The district appealed to the Nebraska Court of Appeals, which reversed the district court's grant of summary judgment based in part on the Court of Appeals' determination that a genuine issue of material fact existed as to whether the district's discovery of one improperly constructed joint would lead a reasonably prudent person to inquire regarding the construction of the

remaining joints. *Gering - Ft. Laramie Irr. Dist. v. Baker*, 8 Neb. App. 1001, 606 N.W.2d 826 (2000). Baker and Smith petitioned for further review of the Court of Appeals' decision. We granted Baker and Smith's petition for further review and now reverse the Court of Appeals' decision.

## STATEMENT OF FACTS

A more complete recital of the underlying facts in this case may be found in the Court of Appeals' opinion, *Gering - Ft. Laramie Irr. Dist. v. Baker, supra.* The facts of particular relevance on further review are summarized herein.

The district hired Baker to design and oversee the construction of the relocation of irrigation structures near Scottsbluff, Nebraska. Baker assigned Smith, an engineer employed by Baker, to design the project and to provide construction supervision. Paul Reed Construction & Supply, Inc., was hired as the contractor responsible for the actual construction. The contractor was not named as a defendant in this action. Construction was substantially completed on August 25, 1993. Baker certified the construction project complete on April 5, 1994.

The record in this case contains an affidavit of Smith which establishes that Smith prepared payment estimate No. 7 covering cost overruns and underruns for the relocation project for the period June 26 to August 25, 1993. Payment estimate No. 7 noted, among other things, that 37 "concrete bends," or joints, had been used in the structure relocation project during this period. The record also contains a copy of a letter dated November 24, 1993, from Ricky Preston, general manager of the district, to Jim Jensen, district engineer for the State Department of Roads, enclosing copies of several documents, including payment estimate No. 7 containing the reference to the 37 concrete bends.

The district discovered a leak in the joints in the PVC pipe near station 407 in the spring of 1994. When the district excavated, Preston observed that at the transition point where the PVC pipe changes directions, the two PVC pipes were field cut and wrapped in duct tape. The duct tape was then covered with a concrete collar and wire reinforcement, instead of utilizing a prefabricated PVC coupler to join the ends of the PVC pipe. The

district did not contact Baker or the contractor regarding the leak, but fixed the leak itself by replacing the concrete collar with a prefabricated PVC coupler. In his deposition testimony, Preston admitted that at the time he inspected the joint for the district in the spring of 1994, he determined that the joint was not properly constructed. Preston further stated that he did not give any thought as to whether other joints were similarly constructed.

Approximately 2 weeks after the leak near station 407 was repaired, a second leak became apparent at another point in the system. As the leak was not causing damage, the district decided not to shut down the line. The site of this leak was not excavated nor was the leak repaired at this time.

The district found another leak in a PVC joint in the fall of 1996. The joint was excavated on November 6, 1996, and found to be improperly constructed. The district notified the contractor, which fixed the joint and backfilled the area. Neither the district nor Baker inspected the repair. Preston contacted Baker at that time and spoke with an engineer who told Preston that the construction Preston described was improper, that there might have been other such improperly constructed joints, and that the district should put the contractor on formal notice.

An additional PVC joint was excavated on June 4, 1997, after the district discovered a clogged pipeline in the area. This joint was also found to be improperly constructed. The district advised the contractor of the problem by letter dated June 9, 1997. The contractor responded that all of the PVC joints or bends had been constructed in the same manner and that use of that method of construction had been approved by Smith. The district filed the present professional negligence action against Baker and Smith on August 19. Following entry of summary judgment in favor of Baker and Smith, the district appealed to the Court of Appeals, which reversed the district court. Baker and Smith filed a petition for further review, which we granted.

## ASSIGNMENTS OF ERROR

On further review, Baker and Smith assert the Court of Appeals erred in reversing the district court's order which had concluded the action was time barred and had granted summary

judgment. Specifically, Baker and Smith claim the Court of Appeals erred in (1) holding that discovery of one defective joint did not constitute discovery as a matter of law under § 25-222 and therefore reversing the district court's order, which had determined that the district discovered its cause of action within the 2-year period of the statute of limitations and (2) reversing the district court's grant of summary judgment on the issue of fraudulent concealment.

## STANDARDS OF REVIEW

■ In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Sherrets, Smith v. MJ Optical, Inc., ante* p. 424, 610 N.W.2d 413 (2000).

■ Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Id.*

## ANALYSIS

*Accrual of Action.*

The district court in this case sustained Baker and Smith's motion for summary judgment on the basis that the district's suit was controlled by the special statute of limitations for professional negligence found in § 25-222 and was barred thereunder. The Court of Appeals also concluded that § 25-222 was the applicable statute of limitations, and on further review, neither party assigns error to that conclusion. We agree that § 25-222 is the controlling statute of limitations.

Section 25-222 requires that an action based on professional negligence be commenced within 2 years after the alleged "act or omission" in rendering or failing to render professional services. That is, an action for professional negligence ordinarily accrues when the negligent "act or omission" occurs. In the instant case, the district court found that Baker and Smith's work was concluded on April 5, 1994, the date that Baker certi-

fied the project complete, and that the 2-year period started on that date. In contrast, the Court of Appeals found that the "act or omission" occurred on August 25, 1993, the date on which the construction work was substantially completed. *Gering - Ft. Laramie Irr. Dist. v. Baker*, 8 Neb. App. 1001, 606 N.W.2d 826 (2000). However, the Court of Appeals further found that there was an issue as to whether the statute of limitations began to run on August 25, 1993, or was postponed due to lack of discovery. *Id.* As more fully explained below, we conclude that accrual of the action was not postponed by the discovery exception, and because the action was not filed until August 19, 1997, the action was time barred, whether measured from August 25, 1993, or April 5, 1994.

Nebraska follows the occurrence rule, under which a professional negligence suit accrues at the time the act or omission in rendering or failing to render professional services takes place. *Reinke Mfg. Co. v. Hayes*, 256 Neb. 442, 590 N.W.2d 380 (1999). A plaintiff may be relieved of the strictures of filing within 2 years after the negligent act or occurrence by virtue of the "discovery exception." *Weaver v. Cheung*, 254 Neb. 349, 354, 576 N.W.2d 773, 777 (1998). The discovery exception permits an action to be commenced within 1 year from the earlier of the date of discovery of the cause of action or the date of discovery of facts which would reasonably lead to such discovery. The discovery exception is applicable only where the cause of action is not discovered and could not have reasonably been discovered during the 2-year limitation period of § 25-222, which 2-year period commences with the negligent act or omission. However, if facts are found that constitute the basis of a cause of action within 2 years from the alleged act of negligence, the discovery exception to the statute of limitations is inapplicable. *Reinke Mfg. Co. v. Hayes, supra.*

Although the district commenced the present action more than 2 years after the alleged professional negligence, the district argued to the trial court and to the Court of Appeals that the "discovery exception" found in § 25-222 was applicable. The district court concluded that the discovery exception was inapplicable and that the action was time barred. The district court based its conclusion on the undisputed fact that the district knew

in the spring of 1994 that one PVC joint had been improperly constructed. The district court reasoned that knowledge of this defect established that the district knew a problem existed with the construction and that reasonable inquiry at that time would have led the district to the knowledge that this joint and all the joints had been constructed in the same manner at the behest of or with the approval of Baker and Smith.

The Court of Appeals reversed the district court's grant of summary judgment, concluding that a question of fact existed as to whether the knowledge of one improperly constructed joint "would lead a reasonably prudent person to inquire regarding the construction of the remaining . . . joints." *Gering - Ft. Laramie Irr. Dist. v. Baker*, 8 Neb. App. at 1012, 606 N.W.2d at 836. We determine that in so concluding, the Court of Appeals misperceived the applicable law.

"Discovery," in the context of statutes of limitations, refers to the fact that one knows of the existence of an injury, and it is not necessary that a plaintiff have knowledge of the exact nature or source of the problem, but only that a problem existed. *Lindsay Mfg. Co. v. Universal Surety Co.*, 246 Neb. 495, 519 N.W.2d 530 (1994). "Discovery of a cause of action" occurs when there is knowledge of facts constituting the basis of the cause of action or awareness of the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery of the cause of action. *Weaver v. Cheung*, 254 Neb. at 356, 576 N.W.2d at 778. In a professional negligence case, "discovery of the act or omission" occurs when the party knows of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the knowledge of facts constituting the basis of the cause of action. *Reinke Mfg. Co. v. Hayes*, 256 Neb. 442, 453, 590 N.W.2d 380, 390 (1999).

In the instant case, the district's general manager, Preston, testified in his deposition that when the district excavated the leaking joint in the spring of 1994, he was able to determine at that time that the joint was improperly constructed. Preston's affidavit and deposition testimony further establish that when the district eventually inquired into the matter after discovering additional leaks in joints, the district was readily able to deter-

mine that the defendants had approved the improper method used to construct the joints. Furthermore, the record in this case establishes that as of November 24, 1993, the district had possession of payment estimate No. 7, which was prepared by Smith and indicated that 37 concrete bends had been used in the project, and thus, the district had the means of knowing that at least 37 concrete bends had been installed. The undisputed facts establish that, as a matter of law, discovery of the allegedly negligent act or omission occurred in the spring of 1994 when the district knew that at least one joint was improperly constructed and that inquiry at that time would have led to knowledge of the fact that Baker and Smith had approved such improper construction, thus giving the district knowledge of facts constituting the basis for the cause of action. Because the cause of action could reasonably have been discovered during the 2-year limitation period, the discovery exception to the statute of limitations is inapplicable.

The Court of Appeals states in its opinion that there is a question of material fact as to whether knowledge of the one improperly constructed joint would reasonably lead the district to inquire as to whether the remaining joints were constructed in the same manner. While there may have been a fact in issue as to the number of improperly constructed joints in the spring of 1994, this fact is not material. The relevant inquiry in the instant case was not the number of additional joints that may have been improperly constructed, but, rather, an inquiry as to who authorized the improper construction in general and whether the improperly constructed joint was the act or omission of Baker and Smith in particular. In a cause of action for professional negligence, legal injury is the wrongful act or omission which causes the loss; it is not damage, which is the loss resulting from the misconduct. *Reinke Mfg. Co. v. Hayes*, 256 Neb. 442, 590 N.W.2d 380 (1999). A lack of knowledge of the extent of damages is not the equivalent of a lack of discovery of a cause of action as set out in § 25-222. *Norfolk Iron & Metal v. Behnke*, 230 Neb. 414, 432 N.W.2d 18 (1988).

The district did not need to know the extent of its damages in the spring of 1994 to inquire and thus learn that it had a cause of action. The record in this case establishes that in the spring of

1994, which is within 2 years of the alleged negligence, the district discovered that at least one joint had been improperly constructed and the district could reasonably have learned that such construction was approved by the engineers. Indeed, by reference to its own files which contained the letter of November 24, 1993, the district would have confirmed that 37 concrete bends had been used in the project. The basis of the district's cause of action was readily discoverable within the 2-year statute of limitations period, and we, therefore, conclude that the district court properly concluded that the "discovery exception" to the statute of limitations was not applicable in this case and that the Court of Appeals' reversal of that ruling was error.

*Fraudulent Concealment.*

The district court also rejected the district's contention that the doctrine of fraudulent concealment was applicable in the instant case. According to the district, application of the doctrine of fraudulent concealment would prevent Baker and Smith from asserting the statute of limitations. In view of its reversal and remand, the Court of Appeals did not address in detail the merits of the district's contention that the doctrine of fraudulent concealment applied, but did conclude that the district was not precluded from relying on the doctrine of fraudulent concealment upon remand.

The doctrine of fraudulent concealment estops a defendant from asserting a statute of limitations defense when the defendant has, either by deception or by a violation of a duty, concealed from the plaintiff material facts which prevent the plaintiff from discovering professional negligence. *Schendt v. Dewey*, 252 Neb. 979, 568 N.W.2d 210 (1997). In the present case, the district court rejected the district's assertion that the doctrine of fraudulent concealment applied to the case because the district court found that within the 2-year period of the alleged negligent act or omission, the district had in fact discovered information that would, as a matter of law, reasonably have led to knowledge of the facts giving rise to the district's cause of action.

Because the Court of Appeals held there was a question of material fact as to whether the district was placed on inquiry

after finding the first leak in 1994, the Court of Appeals reasoned that the district was not necessarily precluded from relying upon the doctrine of fraudulent concealment upon remand. *Gering - Ft. Laramie Irr. Dist. v. Baker*, 8 Neb. App. 1001, 606 N.W.2d 826 (2000). The Court of Appeals found it unnecessary to further address the elements of fraudulent concealment in order to dispose of the appeal before it. *Id.*

We agree with the district court's conclusion, based on the undisputed fact that the district discovered the improperly constructed joint and thus could reasonably have learned of its cause of action within the limitations period and that, therefore, the doctrine of fraudulent concealment was inapplicable in the instant case. The Court of Appeals erred in reversing the district court's conclusion in this regard.

## CONCLUSION

We conclude that the evidence before the district court on the motion for summary judgment established that within the 2-year period of limitations, the district knew facts such that it could reasonably have discovered its cause of action against Baker and Smith. The district court did not err in concluding that the discovery exception to the statute of limitations and the doctrine of fraudulent concealment were inapplicable to this case and in, therefore, sustaining Baker and Smith's motion for summary judgment. The Court of Appeals erred in reversing these rulings. Accordingly, we reverse the Court of Appeals' decision and remand the cause to the Court of Appeals with directions to enter an order affirming the district court's grant of summary judgment in favor of Baker and Smith.

REVERSED AND REMANDED WITH DIRECTIONS.