IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

BRUNA V. BRADFORD & COENEN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

JUDY BRUNA AND JOHN BRUNA, APPELLANTS,
V.
BRADFORD & COENEN, LLC, AND JOHN P. ELLIS, APPELLEES.

Filed April 8, 2014.    No. A-13-074.

Appeal from the District Court for Wayne County: ROBERT B. ENSZ, Judge. Affirmed.

Jason M. Bruno and Ryan A. Kehm, of Sherrets, Bruno & Vogt, L.L.C., for appellants.

D.C. Bradford and Justin D. Eichmann, of Bradford & Coenen, LLC, for appellees.

IRWIN, RIEDMANN, and BISHOP, Judges.

BISHOP, Judge.

Judy Bruna and John Bruna appeal from the dismissal of their legal malpractice action against Bradford & Coenen, LLC (the firm), and John P. Ellis. The district court determined that the Brunas' action against Ellis and the firm was barred by the statute of limitations. For the following reasons, we affirm.

BACKGROUND

On November 22, 2006, the Brunas retained Ellis (then employed as an associate attorney at the firm) to pursue their claims arising from a fall Judy sustained in June 2005 outside of Riley's Café in Wayne, Nebraska. On June 9, 2009, Ellis filed a complaint on behalf of the Brunas against G & D Appel, L.L.C., doing business as Riley's Café, seeking damages for Judy's fall and her resulting injuries. The complaint alleged that Judy's fall occurred on June 9, 2005. However, there was conflicting evidence as to whether Judy's fall actually occurred on June 8 or 9, 2005; thus, the question arose as to whether the complaint was filed within the applicable 4-year statute of limitations.

On August 30 and 31, 2010, a jury trial was held solely on the issue of whether Judy's fall occurred prior to June 9, 2005 (and therefore was untimely filed). The jury returned a general

- 1 -

verdict in favor of G & D Appel on August 31, 2010, implicitly finding that Judy's fall occurred prior to June 9, 2005, with the result that the Brunas' action was barred by the statute of limitations.

Following a denial of the Brunas' motion for new trial on October 6, 2010, the Brunas appealed from the jury verdict and continued to retain Ellis to represent them on appeal. On June 21, 2011, this court affirmed the jury verdict as not clearly wrong and supported by competent evidence. See *Bruna v. G & D Appel, LLC*, No. A-10-1087, 2011 WL 2556930 (Neb. App. June 21, 2011) (selected for posting to court Web site).

On March 8, 2012, the Brunas contacted the Nebraska Counsel for Discipline's office. According to the Brunas, they were told to contact an attorney who handles legal malpractice cases.

On April 5, 2012, the Brunas filed the present legal malpractice action against Ellis and the firm. The Brunas alleged that despite being retained for 3 years, Ellis breached his duty to them by failing to file their personal injury lawsuit within the applicable statute of limitations, neglecting and failing to prosecute their claims, and failing to respond to settlement offers.

Ellis and the firm raised as an affirmative defense that the Brunas' present action for legal malpractice was barred by the statute of limitations. The Brunas, as well as Ellis and the firm, moved for summary judgment on the statute of limitations issue.

Following a hearing, the district court entered an order on January 16, 2013, sustaining Ellis and the firm's motion for summary judgment and overruling the Brunas' partial motion for summary judgment. The court found that the Brunas' present claim for legal malpractice was time barred because the Brunas acknowledged in an interrogatory that they were aware on August 30, 2010, that the personal injury claim had been filed late. The district court found that the continuous representation rule did not apply to toll the statute of limitations because the Brunas discovered Ellis' alleged negligence prior to the termination of the professional relationship. The Brunas timely appealed.

## ASSIGNMENTS OF ERROR

The Brunas assign, summarized and restated, two errors on appeal: (1) The trial court erred in granting summary judgment in favor of Ellis and the firm after finding that the present action was barred by the statute of limitations and (2) the trial court erred in failing to grant their motion for partial summary judgment.

## STANDARD OF REVIEW

An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law. *Doe v. Fireman's Fund Ins. Co.*, 287 Neb. 486, ___ N.W.2d ___ (2014). In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, and gives that party the benefit of all reasonable inferences deducible from the evidence. *Id.*

Although the denial of a motion for summary judgment, standing alone, is not a final, appealable order, when adverse parties have each moved for summary judgment and the trial

court has sustained one of the motions, the reviewing court obtains jurisdiction over both motions and may determine the controversy which is the subject of those motions or make an order specifying the facts which appear without substantial controversy and direct such further proceedings as it deems just. *U.S. Bank Nat. Assn. v. Peterson*, 284 Neb. 820, 823 N.W.2d 460 (2012).

The point at which a statute of limitations begins to run must be determined from the facts of each case, and the decision of the district court on the issue of the statute of limitations normally will not be set aside by an appellate court unless clearly wrong. *Behrens v. Blunk*, 284 Neb. 454, 822 N.W.2d 344 (2012). If the facts in a case are undisputed, the issue as to when the professional negligence statute of limitations began to run is a question of law. *Carruth v. State*, 271 Neb. 433, 712 N.W.2d 575 (2006). An appellate court independently reviews questions of law decided by a lower court. *Guinn v. Murray*, 286 Neb. 584, 837 N.W.2d 805 (2013).

ANALYSIS

The Brunas' present claim for legal malpractice is governed by the statute of limitations contained in Neb. Rev. Stat. § 25-222 (Reissue 2008), which provides:

> Any action to recover damages based on alleged professional negligence or upon alleged breach of warranty in rendering or failure to render professional services shall be commenced within two years next after the alleged act or omission in rendering or failure to render professional services providing the basis for such action; *Provided*, if the cause of action is not discovered and could not be reasonably discovered within such two-year period, then the action may be commenced within one year from the date of such discovery or from the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; *and provided further*, that in no event may any action be commenced to recover damages for professional negligence or breach of warranty in rendering or failure to render professional services more than ten years after the date of rendering or failure to render such professional service which provides the basis for the cause of action.

Under this statute, the action must be commenced within 2 years of the alleged act of negligence unless the action was not or could not reasonably be discovered within that 2-year period, in which case it must be commenced within 1 year after it is discovered or should be discovered. *Guinn, supra*. A claim for professional negligence accrues and the statute of limitations begins to run at the time of the act or omission which is alleged to be the professional negligence that is the basis for the claim. *Id*.

In the instant case, the acts or omissions which the Brunas alleged to be the professional negligence occurred on or before June 9, 2009, when Ellis filed the Brunas' personal injury lawsuit 1 day outside the statute of limitations. The Brunas therefore needed to commence the present action for legal malpractice no later than June 9, 2011. The Brunas filed the present action against Ellis and the firm on April 5, 2012. Thus, the Brunas' present action for legal malpractice is ostensibly barred by the 2-year statute of limitations for professional negligence, unless some exception applies to excuse or toll the statute. The Brunas argue that both the discovery rule and the continuous representation rule apply to toll the running of the statute of limitations on their claims.

The discovery rule as it pertains to professional negligence claims, by the terms of § 25-222, applies only when the cause of action is not discovered and could not reasonably have been discovered within the 2-year limitations period. *Guinn, supra*. If the discovery rule applies, then the limitations period is 1 year from the time the cause of action is or could have been discovered. *Id*. The word "discovery," in the context of statutes of limitations, refers to the fact that one knows of the existence of an injury and not that one has a legal right to seek redress. *Id*. It is not necessary that a plaintiff have knowledge of the exact nature or source of the problem, but only that a problem existed. *Id*. In a professional negligence case, discovery of the act or omission occurs when the party knows of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the knowledge of facts constituting the basis of the cause of action. *Gering-Ft. Laramie Irr. Dist. v. Baker*, 259 Neb. 840, 612 N.W.2d 897 (2000). In a cause of action for professional negligence, legal injury is the wrongful act or omission which causes the loss. *Id*. Legal injury is not damage; damage is the loss resulting from the misconduct. *Guinn v. Murray*, 286 Neb. 584, 837 N.W.2d 805 (2013).

The trial court in the instant case concluded that the Brunas discovered Ellis' alleged negligence on August 30, 2010, (via the Brunas' interrogatory answer) and therefore concluded that the Brunas had 1 year, or until August 30, 2011, to file this action. Initially, we note that if the Brunas acquired knowledge that a problem existed prior to June 9, 2011, the discovery rule would not apply to toll the statute of limitations beyond June 9, 2011, because such discovery would be within the 2-year limitations period. See *Lindsay Mfg. Co. v. Universal Surety Co.*, 246 Neb. 495, 519 N.W.2d 530 (1994) (discovery exception to statute of limitations is inapplicable if facts are discovered that constitute basis of cause of action within 2 years from alleged act of negligence).

We agree with the trial court's determination that the Brunas possessed facts sufficient to put them on notice that a problem existed on August 30, 2010. In the Brunas' answers to interrogatories, they stated, "[The Brunas] learned on August 30, 2010, the day before trial [sic], that [Ellis and the firm] filed the Complaint too late despite being retained for several years." The fact that the Brunas' personal injury lawsuit was filed late despite Ellis and the firm's being retained for years is the very basis for the Brunas' present claims for legal malpractice. The Brunas argue that they "did not discover [Ellis and the firm's] malpractice until March 8, 2012" (the date the Nebraska Counsel for Discipline's office advised them to contact a malpractice attorney), brief for appellants at 18, or at a minimum, a genuine issue of material fact exists as to when they reasonably did or could have discovered their injury. However, as outlined above, "discovery" does not refer to a plaintiff's knowledge of a legal right to seek redress, nor does "discovery" require a plaintiff to have knowledge of the exact nature or source of the problem. See *Guinn, supra*. Discovery occurs when the plaintiff knows of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the knowledge of facts constituting the basis of the cause of action. See *Gering-Ft. Laramie Irr. Dist., supra*. Because the Brunas knew of the existence of their injury (that Ellis and the firm had filed their claim "late") prior to the expiration of the 2-year statute of limitations for professional negligence, we conclude that the discovery rule is inapplicable to toll the statute of limitations.

The Brunas also argue that the continuous representation rule should toll the statute of limitations until June 21, 2011, the date this court affirmed the jury verdict in the underlying

- 4 -

case. See *Bruna v. G & D Appel, LLC*, No. A-10-1087, 2011 WL 2556930 (Neb. App. June 21, 2011) (selected for posting to court Web site). The continuous representation rule may toll the statute of limitations in a legal malpractice case. *Guinn v. Murray*, 286 Neb. 584, 837 N.W.2d 805 (2013). Under this rule, the statute of limitations for a claim of professional negligence is tolled if there is a continuity of the relationship and services for the same or related subject matter after the alleged professional negligence. *Bellino v. McGrath North*, 274 Neb. 130, 738 N.W.2d 434 (2007). However, the Nebraska Supreme Court has limited the reach of the continuous representation rule, stating that the rule is inapplicable when the claimant discovers the alleged negligence prior to the termination of the professional relationship. *Guinn, supra.* See, also, *Reinke Mfg. Co. v. Hayes*, 256 Neb. 442, 590 N.W.2d 380 (1999) (finding continuous relationship rule did not toll statute of limitations when plaintiff discovered facts constituting notice of alleged acts of negligence prior to termination of professional relationship); *Lindsay Mfg. Co. v. Universal Surety Co.*, 246 Neb. 495, 519 N.W.2d 530 (1994) (concluding continuous representation rule was inapplicable where plaintiff knew there was problem although it did not know exact nature or source of problem prior to termination of professional relationship); *Economy Housing Co. v. Rosenberg*, 239 Neb. 267, 269, 475 N.W.2d 899, 900 (1991) ("in the determination of whether a cause of action is barred by the statute of limitations, the continuous treatment or continuous representation rule is inapplicable where the claimant discovers the alleged negligence prior to the termination of the professional relationship").

The Brunas cite to *Zion Wheel Baptist Church v. Herzog*, 249 Neb. 352, 543 N.W.2d 352 (1996), and *Bellino, supra*, in support of their argument that the continuous representation rule should toll the statute of limitations on their legal malpractice claim until Ellis' representation ended on June 21, 2011, the date this court affirmed the jury verdict in the underlying case. Although both of these cases involve the termination of a professional relationship subsequent to an appeal as in the Brunas' case, we find those cases distinguishable.

In *Zion Wheel Baptist Church, supra*, the trial court entered summary judgment in favor of the defendants on the basis that the plaintiff's legal malpractice claim was barred by the statute of limitations. The Nebraska Supreme Court reversed because it concluded there was a material issue of fact as to whether a continuous professional relationship tolled the statute of limitations from the date the plaintiff church hired the defendant attorney for a real estate transaction, through condemnation proceedings, and on an appeal to the district court. Notably, the church had alleged the attorney advised it that the validity of a lien on the church's property would have to be raised in an appeal to the district court and that in reasonable reliance on that legal opinion, the church continued to retain the attorney on appeal. However, the court in *Zion Wheel Baptist Church* also concluded that there is "a material issue of fact whether [the church] could reasonably have discovered the facts constituting the basis for its cause of action, or the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry, until . . . the date the [district court] dismissed [the church's] appeal." 249 Neb. at 360, 543 N.W.2d at 451. Such a holding is consistent with the Nebraska Supreme Court's limitation of the continuous representation rule where the claimant discovers alleged negligence prior to the termination of the professional relationship. See *Guinn v. Murray*, 286 Neb. 584, 837 N.W.2d 805 (2013).

In *Bellino v. McGrath North*, 274 Neb. 130, 738 N.W.2d 434 (2007), the Nebraska Supreme Court concluded the continuous relationship rule tolled the statute of limitations for a client's legal malpractice action against his attorneys arising out of negligent legal advice provided to the client. As a result of the negligent legal advice, a jury found that the client had breached a fiduciary duty as a corporate officer. The *Bellino* court rejected the argument that the claim for legal malpractice should be barred, because it was reasonably discoverable after the adverse jury verdict in May 2000, and that therefore, the statute of limitations should not have been tolled until the appellate opinion was issued in March 2003. The *Bellino* court found that it was reasonable for the client to continue to rely on the attorneys' legal advice through the appellate process. Important, in determining that the relationship was continuous until the resolution of the appeal of the adverse jury verdict, the court looked at the client's reliance on his attorneys' advice that the client "would do better on appeal than by accepting a $1.5 million settlement." *Id.* at 141, 738 N.W.2d at 444. Before trial, the client's attorneys told the client that "he would win on the points of law." *Id.* at 151, 738 N.W.2d at 450. After the client lost at trial, he was "assured by counsel that the judge's ruling was wrong." *Id.* Unlike the Brunas' case, the *Bellino* case involved contested legal issues, which the attorneys represented to the client were wrongly decided and that the client would do better on appeal.

There was no dispute about the applicable law in the present case, that a personal injury action had to be filed within 4 years of the injury. The sole factual issue litigated on August 30 and 31, 2010, was whether Judy's fall and injury occurred prior to June 9, 2005. The jury returned a verdict adverse to the Brunas. Such an adverse verdict would further put the Brunas on notice of the existence of the problem that Ellis and the firm filed their complaint "too late." Even the Brunas acknowledged that they knew on August 30, 2010, that "[Ellis and the firm] filed the Complaint too late." The adverse jury verdict resolving a purely factual issue in the underlying case stands in contrast to *Bellino, supra*, where the adverse jury verdict meant that the client's attorneys may have been legally incorrect about the propriety of the client forming a competing LLC. The attorneys in *Bellino* assured the client that legally, such a ruling was wrong, and that they would do better on appeal. In the Brunas' case, there was no legal issue being challenged on appeal; rather, a factual determination had been made by a jury as to when the personal injury had occurred.

Further, unlike *Zion Wheel Baptist Church v. Herzog*, 249 Neb. 352, 543 N.W.2d 352 (1996), and *Bellino, supra*, there is nothing in the record indicating that Ellis suggested the Brunas would fare better on appeal from the jury verdict. According to a letter sent from Ellis to the Brunas subsequent to the jury verdict regarding the Brunas' option to appeal, he told them:

> In order to prevail on the appeal, we would have to show that the Court and/or the jury made errors in the consideration of the case and that these errors were prejudicial to the proper outcome. I generally do not give predictions on or percentages of what I think a court would do, but I will tell you that the Appellant [sic] Courts give significant weight to jury verdicts.

According to their brief on appeal, "The Brunas certainly knew that their lawsuit was being challenged as untimely. However, the Brunas clearly did not know or understood the true reason why . . . ." Reply brief for appellants at 7. However, as discussed above, discovery in the context

of statute of limitations does not refer to a plaintiff's knowledge of a legal right to seek redress, nor does discovery require a plaintiff to have knowledge of the exact nature or source of the problem. See *Guinn v. Murray*, 286 Neb. 584, 837 N.W.2d 805 (2013). The Brunas discovered facts constituting notice of the alleged acts of negligence prior to the termination of the professional relationship. Therefore, we conclude the continuous representation rule does not apply to toll the statute of limitations. See *id*.

The Brunas also argue in their brief on appeal that Ellis and the firm's "wrongful conduct" should preclude them from raising the statute of limitations as an affirmative defense under theories of unclean hands, fraudulent concealment, or equitable estoppel. Brief for appellants at 22 and reply brief for appellants at 10. The Brunas argue that such wrongful conduct consisted of Ellis and the firm's silence and failure to "disclose their conflict or error." Brief for appellants at 22. The Brunas further allege Ellis' wrongful conduct included shifting the blame to Judy for the dismissal of the underlying suit because she had told him the fall occurred on June 9, 2005. We disagree that the facts in this record support an equitable bar to the statute of limitations.

Equitable estoppel is an affirmative defense and must be raised in the pleadings to be considered by a trial court and on appeal. *Gard v. City of Omaha*, 18 Neb. App. 504, 786 N.W.2d 688 (2010). The same rule applies when equitable estoppel is asserted in avoidance of the statute of limitations rather than as an affirmative defense. See *id*. The Brunas did not raise equitable estoppel in their pleadings, but, rather, they raised it for the first time in their motion for partial summary judgment. The Brunas' pleadings did not sufficiently allege equitable estoppel.

However, even if the Brunas had adequately pleaded equitable estoppel, they cannot establish the elements for estoppel. Six elements must be satisfied for the doctrine of equitable estoppel to apply: (1) conduct which amounts to a false representation or concealment of material facts or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct will be acted upon by, or influence, the other party or other persons; (3) knowledge, actual or constructive, of the real facts; (4) lack of knowledge and the means of knowledge of the truth as to the facts in question; (5) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (6) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel. *Gard, supra*.

Although the Brunas assert that Ellis' silence and placement of blame on Judy for providing him with the wrong date of her accident constituted "active fraud" warranting a resort to equitable estoppel, brief for appellants at 22, as discussed above, the Brunas had knowledge within the 2-year statute of limitations for professional negligence that "[Ellis and the firm] filed the Complaint too late despite being retained for several years" (via their interrogatory answer). The record does not support at least one of the elements of equitable estoppel because the Brunas did not lack knowledge and the means of knowledge of the truth of the facts in question. See *Gard*, *supra*.

The doctrine of fraudulent concealment estops a defendant from asserting a statute of limitations defense when the defendant has, either by deception or by a violation of a duty, concealed from the plaintiff material facts which prevent the plaintiff from discovering

professional negligence. *Gering-Fort Laramie Irr. Dist. v. Baker*, 259 Neb. 840, 612 N.W.2d 897 (2000). However, the doctrine does not apply when a plaintiff has discovered facts that constitute the basis of a cause of action within 2 years from the alleged act of negligence. See *id.* (doctrine of fraudulent concealment could not operate to estop contractor from asserting statute of limitations as defense to professional negligence action where plaintiff had learned of improperly constructed joint, and thus could reasonably have learned of cause of action within limitations period). The Brunas alleged in their complaint that Ellis "concealed from and failed to disclose" his negligence. As discussed above, the Brunas admitted that they "learned on August 30, 2010, the day before trial, that [Ellis and the firm] filed the Complaint too late despite being retained for several years." The fact that the Brunas' personal injury lawsuit was filed late despite being retained for years is the basis for the Brunas' present claims for legal malpractice. Because the Brunas discovered facts constituting the basis of a cause of action within 2 years from the alleged act of negligence, the doctrine of fraudulent concealment is inapplicable.

The Brunas did not raise the doctrine of unclean hands in their pleadings, but, rather, they raised it in their partial motion for summary judgment; however, for the sake of completeness, we will address their argument. Under the doctrine of unclean hands, a person who comes into a court of equity to obtain relief cannot do so if he or she has acted inequitably, unfairly, or dishonestly as to the controversy in issue. *Burns v. Nielsen*, 273 Neb. 724, 732 N.W.2d 640 (2007). But the doctrine is specifically predicated upon equitable rights, and is enforceable against a party seeking equitable relief. *Id.* An action to recover damages based on alleged professional negligence pursuant to § 25-222 is not an action seeking equitable relief, and the doctrine of unclean hands has no application. See *Burns, supra* (employer or workers' compensation insurer asserting subrogation under Neb. Rev. Stat. § 48-118 (Reissue 2010) is not seeking equitable relief, and doctrine of unclean hands has no application).

The statute of limitations for the Brunas' present action for legal malpractice ran on June 9, 2011, and based on our analysis above, neither the discovery rule nor the continuous representation rule applied to excuse or toll the running of the statute. Additionally, we conclude that the alleged "wrongful conduct" by Ellis and the firm would not preclude them from invoking the statute of limitations defense, because the Brunas discovered their injury prior to the expiration of the 2-year statute of limitations. The Brunas filed the present action against Ellis and the firm on April 5, 2012, outside the 2-year statute of limitations for professional negligence. Accordingly, the trial court's grant of summary judgment in favor of Ellis and the firm was proper.

CONCLUSION

We conclude that the present action for legal malpractice was filed outside the 2-year statute of limitations for professional negligence. Neither the discovery rule nor the continuous representation rule applied to toll the running of the statute, and no wrongful conduct of Ellis or the firm precluded their invocation of the statute of limitations. We therefore affirm the trial court's order granting summary judgment in favor of Ellis and the firm and overruling the Brunas' partial motion for summary judgment.

AFFIRMED.