THOMAS G. McGINLEY, APPELLEE, V. JOAN K. McGINLEY, DEFENDANT AND THIRD-PARTY PLAINTIFF, APPELLANT, AND CADDI SHACK CORPORATION, THIRD-PARTY DEFENDANT, APPELLEE.

583 N.W. 2d 77

Filed July 28, 1998.    No. A-97-588.

Lyle Joseph Koenig, of Koenig & Stover, P.C., for appellant.

Neil E. Williams, of Neil E. Williams & Associates, P.C., for appellee McGinley.

Frank A. Bettmann and Tina M. Hogue, of Finch Bettmann Maks, P.C., for appellee Caddi Shack Corporation.

MILLER-LERMAN, Chief Judge, and SIEVERS and MUES, Judges.

SIEVERS, Judge.

Joan K. McGinley appeals a ruling from the district court for Keith County, granting a motion for summary judgment and dismissing her third-party petition against Caddi Shack Corporation. The district court ruled that her third-party petition was barred by the 4-year statute of limitations found at Neb. Rev. Stat. § 25-207 (Reissue 1995).

## FACTUAL BACKGROUND

The underlying case in this appeal is a dissolution of marriage action between Joan and Thomas G. McGinley. In the course of that dissolution action, Joan allegedly discovered that Thomas had conveyed property to Caddi Shack either by forging her name to the deed or by asking her to sign papers which Thomas said were insurance documents, but which later were converted into a real estate contract and deed. Joan alleges the property which was conveyed to Caddi Shack was marital property, subject to equitable division in the divorce case. Thus, Joan brought a third-party petition against Caddi Shack, and alleged that the president of Caddi Shack, Larry McGinley, who is Thomas' son, procured the deed to the land in question by fraud and deception. In the third-party petition, Joan alleged that the property was conveyed June 15, 1991, but that she did not discover the deed that was purportedly signed by her until October

1995. In the petition, Joan alleged that Caddi Shack was a necessary party to the dissolution action because it purported to hold title to real estate that Joan alleged was marital property, and it would be impossible for the court to divide the marital assets without doing prejudice to the rights of Caddi Shack. This allegation adequately states the Nebraska rule concerning when third parties may intervene or be joined in a dissolution of marriage action. See, *Arnold v. Arnold*, 214 Neb. 39, 332 N.W.2d 672 (1983); *Kula v. Kula*, 181 Neb. 531, 149 N.W.2d 430 (1967); *Harris v. Harris*, 151 Neb. 191, 36 N.W.2d 849 (1949). Joan asked the district court to divide the property in question as marital property in the dissolution action.

Caddi Shack moved for summary judgment on the ground that the 4-year statute of limitations for actions based on fraud, § 25-207(4), barred Joan's third-party cause of action. The trial court granted the motion for summary judgment and dismissed the third-party petition.

## ASSIGNMENT OF ERROR

Joan appeals to this court and assigns as error the district court's decision to grant summary judgment based on the finding that her third-party action was barred by a 4-year statute of limitations.

## STANDARD OF REVIEW

■ Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Miller v. City of Omaha*, 253 Neb. 798, 573 N.W.2d 121 (1998).

■ The determination of which statute of limitations applies is a question of law, and an appellate court must decide the issue independently of the conclusion reached by the trial court. *PSB Credit Servs. v. Rich*, 251 Neb. 474, 558 N.W.2d 295 (1997).

■ The point at which a statute of limitations begins to run must be determined from the facts of each case, and the decision of the district court on the issue of the statute of limitations normally will not be set aside by an appellate court unless

clearly erroneous. *Bank of Papillion v. Nguyen,* 252 Neb. 926, 567 N.W.2d 166 (1997).

## ANALYSIS

Joan argues in her brief that the district court applied the wrong statute of limitations and instead should have applied the 10-year statute of limitations found at Neb. Rev. Stat. § 25-202 (Reissue 1995). Section 25-202 states, "An action for the recovery of the title or possession of lands . . . can only be brought within ten years after the cause of action accrues." The statute of limitations that the district court applied, found at § 25-207, states, "The following actions can only be brought within four years: . . . (4) an action for relief on the ground of fraud, but the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud . . . ." Joan argues in her brief that § 25-202 should apply because the third-party petition involves the recovery of the title to the real estate conveyed to Caddi Shack. However, it is clear in the petition that the grounds for relief are based on allegations of fraud and deception by Caddi Shack and its agents in procuring the deed from Joan.

While it is true that the subject matter of the third-party petition generally involves real estate, the specific factual allegations involve fraud, and the cause of action quite clearly seeks relief on the ground of fraud by Caddi Shack. The general rule is that a specific statute of limitations controls and takes precedence over a general statute of limitations. *Murphy v. Spelts-Shultz Lumber Co.,* 240 Neb. 275, 481 N.W.2d 422 (1992). Because the specific cause of action in the petition is one for fraud, the statute which applies in this instance is the 4-year statute of limitations found in § 25-207. Other Nebraska cases support our conclusion.

In *Jameson v. Graham,* 159 Neb. 202, 66 N.W.2d 417 (1954), the plaintiffs brought a suit in equity to set aside a mineral deed which had been executed and acknowledged 11 years before the suit was commenced. The plaintiffs alleged that the deed had been procured by fraud, because more lots were included in the deed that was executed than the deed which the plaintiffs had signed. The plaintiffs prevailed at trial, and the trial court set aside the deed and quieted title to the plaintiffs'

lands as against the defendants. The Supreme Court reversed and held that the plaintiffs' cause of action was governed by the 4-year statute of limitations for fraud found at § 25-207, stating: "An action for relief on the ground of fraud must be commenced within 4 years of the discovery of the facts constituting the fraud or of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which if pursued would lead to such discovery." *Jameson v. Graham*, 159 Neb. at 205, 66 N.W.2d at 419. The court then found that the plaintiffs were negligent in failing to discover the fraud within 4 years from the time the deed was executed and dismissed the plaintiffs' petition. See, also, *Bell v. Dingwell*, 91 Neb. 699, 136 N.W. 1128 (1912) (4-year statute of limitations for fraud actions applied to case where children sued their mother who fraudulently took title in her name alone to lands belonging to her and children jointly).

Concluding that the 4-year limitation found at § 25-207 applies in this case, the next question is whether this action was brought within 4 years of the discovery of the alleged fraud, or within 4 years of when the fraud reasonably could have been discovered. Under the discovery doctrine, a cause of action accrues and the statute of limitations begins to run when there has been discovery of facts constituting the basis of the cause of action or the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery. *Zion Wheel Baptist Church v. Herzog*, 249 Neb. 352, 543 N.W.2d 445 (1996). It is not necessary that the plaintiff have knowledge of the exact nature or source of the problem, but only knowledge that the problem existed. *Board of Regents v. Wilscam Mullins Birge*, 230 Neb. 675, 433 N.W.2d 478 (1988).

In its order granting the motion for summary judgment and dismissing the third-party petition, the district court made several findings with regard to Joan's knowledge of her cause of action. The district court stated:

> The evidence is conclusive based upon the deposition testimony of Mrs. McGinley contained within Exhibit 6 that her husband informed her in the fall of 1991 that he had sold everything because he needed the money (See page 12 of Exhibit 6).

Mrs. McGinley further acknowledges on pages 13 and 14 of Exhibit 6 that she was surprised in October of 1991 when Tom told her he sold everything because she knew she had never signed any papers. Nothing prevented her from going down to the courthouse and viewing the public records. She never really thought about it until after her husband filed for divorce and a friend, Betty Feusner, encouraged her to go down to the courthouse to look at the records (see pages 15 and 16 of Exhibit 6).

Mrs. McGinley further admitted at page 54 of Exhibit 6, that she knew in the fall of 1991 that Caddi Shack had taken over from what Tom told her. Tom told her as part of the deal with Caddi Shack that they would receive 12 years of rent-free living on the property. On page 55 of Exhibit 6 Mrs. McGinley states that she disagreed with his deal in the fall of 1991 when Tom told her about it. She pointed out to him that it was not a good deal, and Tom got mad at her. On page 56 of Exhibit 6 Mrs. McGinley advises that the other two individuals in Caddi Shack would not talk to her about this bad deal.

And finally, at page 60 of Exhibit 6 Mrs. McGinley again admits that her husband told in October of 1991 that he had sold everything. By everything she knew he was talking about the campground, pasture, subdivision and the business. She was upset by the fact that this wasn't a good deal.

We agree with the trial judge's thorough analysis of the record on this issue. We would further add that Joan admitted that the reason she did not go to the courthouse to check on the deed sooner was because she was too busy. At her deposition, Joan was asked: "What prevented you . . . from going to the courthouse after October of '91 when you learned that Tom had sold property?" Joan replied, "Well, I worked the full-time job and a part-time job, and I helped Tom with the campground, and I was busy. . . . I was a busy lady. I didn't have time to go look it up. And besides that I trusted my husband. And I loved him." Joan also admitted that she never considered going to the courthouse to check for a deed until after Thomas had filed for divorce. However, as the trial judge recounted in his order, and

we concur from our own inspection of the record, there is no factual dispute that Thomas told Joan as early as October 1991 that he had sold their campground and surrounding land and that as part of the deal, they would live in the house rent-free for a number of years. Joan does not allege any facts in her petition or in any of the exhibits which dispute this essential fact. Instead, Joan alleges that because she did not "discover" the deed at the courthouse until October 1995, the cause of action did not accrue until that time. In so arguing, Joan ignores the second part of the discovery rule that a cause of action also may accrue when there are facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery of the fraud.

Joan does not argue that she did not understand that she would have to have signed a deed in order for the property to be conveyed. In fact, Joan stated on more than one occasion in her deposition that she was confused as to how Thomas could have sold the property because she had not signed anything. This admission makes it clear that Joan understood the need for a deed conveying the property and that she could have discovered the deed at the courthouse in October 1991, when she learned of the sale. Joan admitted that she did not go to the courthouse to see if there was a deed before October 1995 because she was too busy. As the court in *Jameson v. Graham*, 159 Neb. 202, 206, 66 N.W.2d 417, 419-20 (1954), pointed out:

> The fraud would have been discovered if reasonable diligence had been exercised. It would have been discovered within 4 years but for the negligence of the plaintiffs. A party seeking to avoid the bar of the statute of limitations on account of fraud must allege and prove that he used due diligence and that the failure to discover it within the statutory period was not due to his own negligence. If plaintiffs had remained in ignorance of the fraud without fault of their own, lapse of time would not defeat their action. Equity aids the diligent and not the negligent.

The warranty deed is contained in exhibit 8, which is another deposition of Joan, and the deed reflects that it was executed on June 15, 1991, and recorded on August 21. Joan admits that Thomas told her that he sold the land as early as October, at

which time the deed was already filed and recorded. The deed was an easily discoverable public record in October. Therefore, under the discovery rule, the cause of action arose in October 1991 because at that time Joan either did discover the fraud or could have discovered the fraud. Joan did not file the third-party petition until December 2, 1996. Thus, her action is time-barred by the 4-year statute of limitations. We affirm the judgment and order of the district court.

AFFIRMED.