MARION BENNETT, APPELLANT, V. JOHN LABENZ ET AL.,
DEFENDANTS AND THIRD-PARTY PLAINTIFFS, APPELLEES, AND
BOARD OF REGENTS, DOING BUSINESS AS UNIVERSITY OF
NEBRASKA MEDICAL CENTER, AN AGENCY OF THE STATE,
THIRD-PARTY DEFENDANT, APPELLEE.
659 N.W.2d 339

Filed April 18, 2003. No. S-01-1101.

Joseph B. Muller, of Law Offices of Ronald J. Palagi, P.C., for appellant.

Michelle Peters, Assistant Omaha City Attorney, for appellee John Labenz et al.

David L. Welch, of Gaines, Pansing & Hogan, for appellee Board of Regents.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Marion Bennett filed a negligence action against John Labenz, Matt Harden, and the City of Omaha (collectively the Defendants)

seeking damages for injuries she sustained while being transported by Labenz and Harden, two Omaha firefighter-paramedics. The Defendants filed a third-party action against the Board of Regents, doing business as the University of Nebraska Medical Center (UNMC). After concluding that the Defendants' alleged negligence did not amount to gross negligence, the district court for Douglas County granted the Defendants' motion for summary judgment and dismissed the petition. Bennett appealed to the Nebraska Court of Appeals, and the Court of Appeals concluded, inter alia, that the district court erred in determining as a matter of law that Labenz and Harden were not grossly negligent. *Bennett v. Labenz*, No. A-01-1101, 2002 WL 31548926 (Neb. App. Nov. 19, 2002) (not designated for permanent publication). The Court of Appeals reversed in part the grant of summary judgment in the Defendants' favor and remanded the cause. The Defendants petitioned this court for further review of certain aspects of the decision of the Court of Appeals. We granted the petition. We affirm in part, and in part reverse and remand with directions.

## STATEMENT OF FACTS

On April 28, 1997, Labenz and Harden responded to a 911 emergency dispatch service call at Bennett's home. Bennett had fallen and injured her leg. Labenz and Harden assessed her condition and placed her on a stretcher for transport to UNMC. Labenz and Harden strapped Bennett onto the stretcher. They encountered no problems getting Bennett into the ambulance and transporting her to UNMC.

On April 28, 1997, the main emergency entrance at UNMC was under construction, and UNMC had set up a temporary emergency entrance. The record shows that there had been no reports of dangerous conditions surrounding the temporary emergency entrance. Harden testified that he had not noticed any cracks in the cement that would cause concern. The temporary entrance was on an incline. Labenz and Harden were familiar with the temporary entrance and the incline.

Upon arriving at UNMC, Harden grabbed the end of the stretcher and pushed the release lever, which released the stretcher so he could roll it out of the ambulance to the point where the safety bar catches a hook that is located on the back of

the ambulance, thus preventing the stretcher from rolling out. Harden dropped the legs of the stretcher down and locked them into place. Labenz then lifted the safety bar over the hook. Both Labenz and Harden rolled the stretcher out of the ambulance. While moving the stretcher toward the emergency room entrance, a wheel of the stretcher became caught in a crack in the cement of the hospital driveway, causing the stretcher to tip over and Bennett to fall. Bennett broke her left shoulder as a result of the fall.

David McClard, a "triage tech" at UNMC, witnessed the incident. According to McClard, the stretcher tipped over after it became caught in a crack in the cement. He stated that only one of the firefighter-paramedics was moving the stretcher at the time of the incident.

Bennett filed a negligence action against the Defendants. The Defendants filed a third-party petition against UNMC as a third-party defendant, alleging UNMC was negligent in failing to maintain the driveway at the temporary emergency entrance. In the Defendants' answer to Bennett's petition, they alleged immunity pursuant to Neb. Rev. Stat. § 71-5111 (Reissue 1996). Section 71-5111 provided immunity from civil liability for certain emergency and ambulance workers, but further provided that such immunity should not apply to "any person causing damage or injury by his or her willful, wanton, or grossly negligent act of commission or omission." We note that § 71-5111 has been repealed and replaced by Neb. Rev. Stat. § 71-5194 (Cum. Supp. 2002). However, the operative date of the repeal was July 1, 1998, which was subsequent to the April 28, 1997, incident involved in this case, and, therefore, § 71-5111 is applicable to this case.

Bennett filed a second amended petition on April 9, 2001, in which she alleged that Labenz and Harden were willfully, wantonly, or grossly negligent and that their negligence resulted in her injury. Generally, Bennett alleged that Labenz and Harden were negligent in moving the stretcher without adequate assistance, moving the stretcher while it was in the fully extended position, failing to note the condition of the driveway, and failing to take proper precautions in light of the condition of the driveway. Bennett claimed that the City of Omaha was liable as a result of the acts of Labenz and Harden. Bennett further alleged that the

City of Omaha was negligent for failing to train and instruct Labenz and Harden on the proper operation of the stretcher.

On May 8, 2001, the Defendants filed a motion for summary judgment, asserting that they were immune from civil liability pursuant to § 71-5111. In Bennett's response to the motion for summary judgment, she requested that the court overrule the motion or, in the alternative, continue the motion and grant her additional time to conduct discovery. The motion came on for hearing, and on September 5, the district court entered an order sustaining the motion and dismissing the case with prejudice. The court concluded that the allegations of negligence on the part of Labenz and Harden did not amount to gross negligence and that no reasonable person could conclude that they had acted without slight care. The court further concluded that the immunity provided under § 71-5111 applied to the City of Omaha as the employer of Labenz and Harden, that the City of Omaha could not be held liable for the actions of Labenz and Harden which were not grossly negligent, and that the allegations of direct negligence on the part of the City of Omaha in failing to train and instruct did not amount to gross negligence.

Bennett appealed to the Court of Appeals. On appeal, Bennett asserted, inter alia, that the district court erred in determining that Labenz and Harden were not grossly negligent and in determining that § 71-5111 granted immunity to the City of Omaha for its own direct negligence. The Court of Appeals reviewed the record and noted, inter alia, that there was a conflict in the evidence regarding whether only one or both of the firefighter-paramedics had their hands on the stretcher when it tipped over and whether the use of the stretcher comported with the operating manual for the stretcher. The Court of Appeals concluded that viewing the evidence in the light most favorable to Bennett and giving her the benefit of all reasonable inferences deducible from the evidence, the district court erred in determining as a matter of law that Labenz and Harden were not grossly negligent.

With regard to the alleged direct acts of negligence of the City of Omaha, the Court of Appeals concluded that the district court erred in holding that § 71-5111 provided immunity to the City of Omaha for its own negligence. The Court of Appeals stated that the immunity provided under § 71-5111 extended to the City of

754

Omaha only so far as it might be liable based on respondeat superior for the acts or omissions of Labenz and Harden, but that the statute did not grant immunity to the City of Omaha for its own alleged negligence in failing to properly train Labenz and Harden.

The Court of Appeals therefore reversed in part the grant of summary judgment in the Defendants' favor and remanded the cause. The Defendants petitioned this court for further review of the Court of Appeals' decision, and we granted their petition.

## ASSIGNMENT OF ERROR

The Defendants assert on further review that the Court of Appeals erred in reversing the district court's ruling in which the district court had determined that Labenz and Harden were not grossly negligent and had entered summary judgment in their favor. Further review has not been sought regarding the conclusion of the Court of Appeals that § 71-5111 did not provide immunity for the City of Omaha for its own alleged acts of negligence and that the decision should be reversed in part and the cause remanded as to the City of Omaha's direct negligence.

## STANDARDS OF REVIEW

■■■ Summary judgment is proper when the pleadings and the evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *In re Estate of Pfeiffer, ante* p. 498, 658 N.W.2d 14 (2003). In appellate review of a summary judgment, the court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Id.*

## ANALYSIS

Upon review of pleadings and evidence in connection with Defendants' motion for summary judgment, the district court in the present case determined that "[n]o reasonable person could conclude that defendants Labenz and Harden acted without slight care" and that therefore Bennett's allegations of negligence on the part of Labenz and Harden did not amount to gross negligence. On appeal, the Court of Appeals noted evidence indicating that

Labenz and Harden might not have employed certain indicated techniques while moving the stretcher toward the temporary emergency entrance and therefore concluded that the district court erred in determining that Labenz and Harden were not grossly negligent. On further review, the Defendants argue that even if Labenz and Harden failed to follow certain indicated procedures, such failure cannot establish that they acted without even slight care and therefore cannot be viewed as gross negligence. We agree with the Defendants' argument as well as the district court's conclusion that given the undisputed facts, Bennett cannot establish gross negligence on the part of Labenz and Harden.

 Gross negligence is great or excessive negligence, which indicates the absence of even slight care in the performance of a duty. *Drake v. Drake*, 260 Neb 530, 618 N.W.2d 650 (2000). Whether gross negligence exists must be ascertained from the facts and circumstances of each particular case and not from any fixed definition or rule. *Wicker v. City of Ord*, 233 Neb. 705, 447 N.W.2d 628 (1989). The issue of gross negligence is susceptible to resolution in a motion for summary judgment. See *id.* Depending on the facts, we have observed that negligence that is momentary in nature generally does not constitute gross negligence. *Branch v. Wilkinson*, 198 Neb. 649, 256 N.W.2d 307 (1977).

In the present case, Bennett alleged that Labenz and Harden failed to take certain actions which might have prevented the incident. In this regard, Bennett points to the testimony of McClard who, contrary to Harden's recollection, testified that only one of the firefighter-paramedics had his hands on the stretcher at the time it hit the crack and tipped over.

Although Bennett's evidence might support a conclusion that Labenz and Harden were negligent to some degree, in order to establish gross negligence and be recoverable under § 71-5111, Bennett needed to show an absence of even slight care by Labenz and Harden. Further, even taking the inferences from the evidence in favor of Bennett, the pleadings and evidence do not indicate great or excessive negligence. Harden provided undisputed testimony that he and Labenz took certain precautions recited in the facts section above in transporting Bennett, in removing her from the ambulance, and in using the stretcher. In

this connection, Labenz testified that although he was aware of the incline of the entrance, he was not aware of the crack in the pavement. In light of the undisputed testimony that Labenz and Harden took certain precautions, Bennett's allegations that they failed to take other additional precautions does not establish "the absence of even slight care" required to constitute gross negligence. See *Drake v. Drake*, 260 Neb. at 543, 618 N.W.2d at 661. Based on the evidence as to the actions of Labenz and Harden, we agree with the district court's conclusion that no reasonable person could find that Labenz and Harden acted without even slight care. The portion of the decision of the Court of Appeals which reversed the district court's decision on this issue was incorrect and is reversed.

## CONCLUSION

We conclude that the district court did not err in determining that no reasonable person could find that Labenz' and Harden's actions constituted gross negligence. We therefore reverse that part of the Court of Appeals' opinion in which it reversed this determination of the district court. We remand this cause to the Court of Appeals with directions to affirm that portion of the district court's order which granted the Defendants' motion for summary judgment in favor of Labenz and Harden and dismissed the case as to Labenz and Harden and, with respect to the City of Omaha, granted the motion in favor of the City of Omaha only to the extent that the City of Omaha's alleged liability was based on respondeat superior.

We note that in addition to its holding regarding the alleged gross negligence of Labenz and Harden and the City of Omaha's alleged liability therefor, the Court of Appeals concluded that § 71-5111 did not provide immunity for the City of Omaha's own alleged negligence in failing to train and instruct Labenz and Harden. The Court of Appeals reversed the district court's dismissal of this claim and remanded the cause on the issue of the City of Omaha's own negligence. Because the Defendants did not assign error to this decision of the Court of Appeals, we do not comment on this portion of the decision of the Court of Appeals, and such ruling is unaffected by our decision. Therefore that portion of the Court of Appeals' decision is affirmed, and the

order remanding the cause to the district court on the issue of the City of Omaha's own negligence remains in effect.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.

STEPHAN, J., not participating.