ANONYMOUS, APPELLANT, V. PAUL VASCONCELLOS AND
BLUE VALLEY MENTAL HEALTH ASSOCIATION, A NEBRASKA
NONPROFIT CORPORATION, APPELLEES.
727 N.W.2d 708

Filed February 6, 2007.   No. A-05-743.

Daniel H. Friedman and Herbert J. Friedman, of Friedman Law Offices, for appellant.

Robert F. Bartle, of Bartle & Geier, for appellees.

INBODY, Chief Judge, and SIEVERS and MOORE, Judges.

SIEVERS, Judge.

Anonymous filed suit against Paul Vasconcellos, a licensed mental health professional (LMHP) with training as a family and marriage therapist, and his employer, Blue Valley Mental Health Association (Blue Valley), a nonprofit corporation engaged in the practice of psychotherapy and mental health counseling in Seward, Nebraska. Anonymous claimed that Vasconcellos, while acting in the course and scope of his employment, improperly treated Anonymous. Finding that Anonymous' claims were barred by the statute of limitations pursuant to Neb. Rev. Stat. § 25-222 (Reissue 1995), the district court granted summary judgment and dismissed the complaint. Finding that the discovery exception to the running of the applicable statute of limitation does not apply, we affirm.

## FACTUAL BACKGROUND

Anonymous, born August 11, 1961, alleges that during the 1970's, while she was attending St. John's Elementary School (the School) in Seward, David Mannigel, a teacher who later became the principal, sexually abused her between the ages of 10 and 12. The School is associated with St. John Lutheran Church (the Church) in Seward. Anonymous was a member of the Church from her birth until she got married in 1984.

Since 1978, Vasconcellos has been a member and visiting pastor of the Church. Vasconcellos is an LMHP and practices as a family and marriage therapist. Vasconcellos admits that treating patients who have been sexually abused requires specialized training and that he does not have such specialized training.

Anonymous became Vasconcellos' patient in 1990, when she was approximately 29 years old. That treatment was at Pioneer Mental Health, a community mental health center where Vasconcellos was then employed. The evidence before us is that Vasconcellos did not remember the details of such treatment and that Anonymous did not recall if the issue of Mannigel's sexual abuse of her arose at that time. There are apparently no written records of such treatment. Anonymous testified she went

to Vasconcellos for counseling because she knew that he knew Mannigel; because they were both affiliated with the Church; because she saw Vasconcellos as an "honest Christian figure"; because she knew Vasconcellos from when she attended Concordia University in Seward for 1 year, where he worked; and because Vasconcellos' children attended the School, where Mannigel worked.

On four occasions in 1996, Vasconcellos treated Anonymous, then 35 years old, who reported symptoms primarily of anger and depression. During the 1996 sessions, Anonymous told Vasconcellos that she had been sexually abused by Mannigel during her childhood. According to Anonymous, Vasconcellos appeared shocked when she told him that Mannigel had sexually abused her and Vasconcellos wanted to change the subject. Anonymous testified that when she said she wanted to confront Mannigel, Vasconcellos told her both that a confrontation with Mannigel could be dangerous to her and that she might not get the response she wanted from him. While Anonymous understood that her sessions with Vasconcellos were confidential, she hoped that Vasconcellos would report the abuse to authorities, although she never instructed him to do so. In February 1997, Vasconcellos wrote in the "Closing Summary" in his records that it was mutually agreed between Anonymous and himself that Anonymous "would return for therapy as needed."

In 2000, Vasconcellos treated Anonymous on April 20, and the intake medical record from that visit reflects that Anonymous presented with problems of overwhelming stress and anxiety about death. Vasconcellos recommended that Anonymous "be evaluated by both a clinical psychologist and psychiatrist," although he did not refer Anonymous to a clinical psychologist or a psychiatrist. Both the 1996 and the 2000 medical records from Blue Valley reflect that Anonymous reported she had been sexually abused during her childhood, although the medical records do not mention Mannigel.

The record shows that during the time period of the therapy sessions with Anonymous, Vasconcellos considered Mannigel to be a personal friend and played cards in a social setting with Mannigel. The record further shows that Vasconcellos did not

inform Anonymous either that he was friends with Mannigel or that he played cards with Mannigel.

In March 2001, Anonymous came forward to the Church's administration with her allegations of sexual abuse. Soon thereafter, in June 2001, Mannigel committed suicide.

## PLEADINGS

On February 17, 2004, Anonymous filed in the Lancaster County District Court a complaint for damages against Vasconcellos and Blue Valley. The core allegations were that Vasconcellos failed to properly treat her because he had a conflict of interest due to his relationship with Mannigel, because he did not report to law enforcement authorities that she had been sexually abused as a child, and because he was unqualified to treat a victim of sexual abuse. The Lancaster County District Court transferred the case to the Seward County District Court after Blue Valley filed a motion alleging improper venue.

On September 7, 2004, Anonymous filed an amended complaint for damages. In the amended complaint, Anonymous alleged that she

> was not aware that Vasconcellos was a personal friend of Mannigel and had a conflict of interest, or that he had failed to properly treat her and was in fact, treating her for a condition for which he had no experience until on or about October 9, 2003[,] when she was advised [of such facts] by [her] counsel subsequent to the deposition of Vasconcellos in another case.

Anonymous asserted that the statute of limitations was tolled "because [she] was not aware that Vasconcellos had committed malpractice until after the two year statute of limitations [and] because the cause of action was not discovered and could not . . . reasonably have been discovered within such two-year period." Anonymous alleged that her lawsuit was filed within 1 year from the date of discovery.

Vasconcellos and Blue Valley (collectively Appellees) asserted in their answer that Anonymous' claims were barred by the applicable statute of limitations, and on January 11, 2005, they filed a motion for summary judgment alleging that Anonymous' claims were barred by the statute of limitations.

## SUMMARY JUDGMENT

On February 28, 2005, a hearing was held on the motion for summary judgment. The district court received into evidence eight exhibits, which contained information we will use in our analysis.

The parties also stipulated that if Anonymous were to testify, she would testify that (1) she was not aware that Vasconcellos was a social friend of Mannigel's or that Vasconcellos considered Mannigel as part of a circle of friends; (2) Vasconcellos failed to advise Anonymous that he was personally acquainted with Mannigel; (3) Vasconcellos did not have training to treat sexually abused persons and failed to advise Anonymous of that fact, but continued to treat her; and (4) Anonymous was not aware of these facts until Vasconcellos' October 8, 2003, deposition.

On June 6, 2005, the district court filed, with extensive written findings, its order sustaining Vasconcellos and Blue Valley's motion for summary judgment. Anonymous now appeals.

## ASSIGNMENT OF ERROR

Anonymous alleges that the district court erred by granting Appellees' motion for summary judgment.

## STANDARD OF REVIEW

■ Summary judgment is proper when the pleadings and the evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Bennett v. Labenz*, 265 Neb. 750, 659 N.W.2d 339 (2003).

■ In appellate review of a summary judgment, the court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Id.*

■ A question of law raised in the course of consideration of a motion for summary judgment, as with any question of law, must be decided by the appellate court without reference to the decision of the trial court. See *Essen v. Gilmore*, 259 Neb. 55, 607 N.W.2d 829 (2000).

## ANALYSIS

Nebraska has a 2-year statute of limitations for actions for professional negligence except that causes of action not discovered, and which could not have been reasonably discovered until after the limitations period has run, can be filed within 1 year of discovery, with an overall limitation of 10 years after the date of rendering or failing to render such professional service which provides the basis for the cause of action. See § 25-222. For claims alleging professional malpractice, the period of limitations begins to run when the treatment relating to the allegedly wrongful act or omission is completed. See *Kocsis v. Harrison*, 249 Neb. 274, 543 N.W.2d 164 (1996). The record shows that Vasconcellos last treated Anonymous on April 20, 2000, and Anonymous contends that she did not discover her claim within the following 2 years or by April 20, 2002. However, if she discovered her claim by such date, this action is obviously barred by the statute of limitations.

The point at which a statute of limitations begins to run must be determined from the facts of each case, and the decision of the district court on the issue of the statute of limitations normally will not be set aside by an appellate court unless clearly wrong. *Manker v. Manker*, 263 Neb. 944, 644 N.W.2d 522 (2002). If the facts in a case are undisputed, the issue as to when the professional negligence statute of limitations began to run is a question of law. *In-Line Suspension v. Weinberg & Weinberg*, 12 Neb. App. 908, 687 N.W.2d 418 (2004).

In *Georgetowne Ltd. Part. v. Geotechnical Servs.*, 230 Neb. 22, 26, 430 N.W.2d 34, 37 (1988), the court said: "Discovery, as applied to statutes of limitations, refers to the fact that one knows of the existence of an injury or damage and not that he or she has a legal right to seek redress in court." Later authority holds that a cause of action accrues, and the statute of limitations begins to run, when there has been discovery of facts constituting the basis of the cause of action. See *Reinke Mfg. Co. v. Hayes*, 256 Neb. 442, 590 N.W.2d 380 (1999). A cause of action consists of the set of facts on which a recovery may be had. *Lewis v. Poduska*, 240 Neb. 312, 481 N.W.2d 898 (1992). The discovery of the "basis of the cause of

action" is the preeminent concept in determining whether the discovery exception applies to toll the statute of limitations. See *Gering-Ft. Laramie Irr. Dist. v. Baker*, 259 Neb. 840, 846, 612 N.W.2d 897, 903 (2000). See, also, *Weaver v. Cheung*, 254 Neb. 349, 576 N.W.2d 773 (1998); *McGinley v. McGinley*, 7 Neb. App. 410, 583 N.W.2d 77 (1998). A theory of recovery is not itself a cause of action. *Saunders County v. City of Lincoln*, 263 Neb. 170, 638 N.W.2d 824 (2002).

From the foregoing authority, the key question in the instant case is: When did Anonymous learn of the "basis" of her cause of action? As pointed out by *Georgetowne Ltd. Part. v. Geotechnical Servs., supra*, this is different than Anonymous learning that she had a legal right to seek redress in a court of law or learning about her theories of recovery for the alleged improper treatment.

█ It is clear from the record the "basis" of Anonymous' cause of action for improper treatment was that she had been sexually abused as a child, which caused emotional and psychological difficulties in her life; that she informed Vasconcellos about the sexual abuse; and that Vasconcellos never treated her for the sexual abuse. Viewing the evidence most favorably to Anonymous, we assume, for analytical purposes only, that Vasconcellos' treatment of her was improper. However, why the treatment was improper is not part of the discovery exception analysis; rather, the "why" or reasons for the improper treatment are related to her theories of recovery and to whether she actually has a legal right to redress. See *Board of Regents v. Wilscam Mullins Birge*, 230 Neb. 675, 433 N.W.2d 478 (1988) (under 1-year discovery provision of § 25-222, it is not necessary that plaintiff have knowledge of exact nature or source of problem, but only knowledge that problem existed). Therefore, whether Vasconcellos' treatment was improper because of his lack of qualifications to treat sexual abuse victims and his failure to report the abuse to law enforcement as well as the fact that he was the abuser's friend, or any other reason, is not relevant to the issue before us. We hold that the "basis" of her cause of action is that Anonymous had been improperly treated by Vasconcellos for the consequences of her past sexual abuse.

Discovery of why she was improperly treated is not what tolls the 2-year statute of limitations.

Being fully aware that the 2-year statute of limitations has obviously run, Anonymous attempts to bring herself within the discovery exception by using the information her attorney told her on October 9, 2003, about Vasconcellos' testimony given in a deposition on October 8. The parties agreed at the hearing on this motion for summary judgment that Anonymous would testify that after Vasconcellos' deposition on October 8, she learned of Vasconcellos' friendship with Mannigel and his lack of expertise with victims of sexual abuse. Anonymous claims that October 9 was her "date of discovery," when her attorney informed her about what Vasconcellos revealed during his deposition, and that she filed suit within 1 year of that date. But, what Anonymous learned on October 9 relates solely to why she was improperly treated, which is different than the basis of her cause of action—that Vasconcellos negligently treated her for the sexual abuse she experienced as a child.

Returning to the question of when Anonymous learned about the basis of her cause of action, we quote her answers to Appellees' first interrogatories, where she said:

> I finally came to realize that the reason for my anger, depression, and events in my life in general were a direct result of the sexual abuse I had suffered by . . . Mannigel after counseling [w]ith Dr. Bob Larson. It wasn't until he told me that the abuse was the "big thing["] or event in my life that I had been looking for that I fully realized that I had been abused.

Anonymous further testified that Dr. Bob Larson had told her that he was "surprised" and "amazed" that none of her prior counselors had dealt with the sexual abuse issue.

After Anonymous ended her treatment with Vasconcellos following her April 20, 2000, session, Anonymous sought treatment from Dr. Larson. While Anonymous could not precisely identify either the dates that Dr. Larson treated her or the precise date that he told her that she needed to be treated for sexual abuse, Anonymous admitted that she sought treatment from Dr. Larson at or around the time that she came forward to the

Church regarding her allegation that Mannigel sexually abused her when she was a child. She did this in March 2001.

In response to Appellees' interrogatory requesting identification of Anonymous' medical records, she identified her medical records from Dr. Larson as having a date of February 14, 2002. Anonymous said that after she stopped treatment with Dr. Larson, she received treatment from an individual through Lutheran Family Services. In her answers to Appellees' interrogatories, Anonymous disclosed medical records of her treatment with Lutheran Family Services beginning in July 2002, meaning that her treatment with Dr. Larson had ceased by that time.

Taking the most favorable view of when Anonymous had her key conversation with Dr. Larson, which is the most generous view of when she discovered the basis of her cause of action, we conclude that at the latest, Anonymous' treatment with Dr. Larson had concluded by July 2002. Accordingly, the latest she could have been told the facts by Dr. Larson which constitute the basis of her claim is July 31, 2002. Thus, even if we assume that Anonymous was not aware of the basis of her cause of action against Vasconcellos within 2 years of her last session with Vasconcellos on April 20, 2000, the date of discovery of her claim for negligent treatment by Vasconcellos was no later than July 31, 2002. At best, she had until July 31, 2003, to file her lawsuit against Vasconcellos. Because Anonymous did not file her suit until February 17, 2004, Anonymous' suit is barred by the statute of limitations. The district court reached the same result upon a similar analysis.

The above analysis does not take into account some other key material from the record which constitutes another reason for affirmance of the dismissal of the action as barred by the statute of limitations. In Anonymous' amended complaint admitted into evidence at the hearing in the motion for summary judgment, she alleges that she saw Vasconcellos four times in 1996 and on April 20, 2000. She then alleges:

> [Anonymous] related to Vasconcellos during the history taken by Vasconcellos, on each occasion that she consulted with him, that [Anonymous] had been sexually abused by Mannigel while a student at [the] School and that all of

[Anonymous'] life she had experienced significant emotional and psychological difficulties as a result of that encounter.

Such allegations are a judicial admission dispensing with any need for proof of such facts. See *Nichols Media Consultants v. Ken Morehead Inv. Co.*, 1 Neb. App. 220, 491 N.W.2d 368 (1992) (judicial admission refers to formal act done in course of judicial proceedings which is substitute for evidence, thereby waiving and dispensing with production of evidence by conceding for purposes of litigation that subject of admission is true). Additionally, Anonymous testified that when she was 18 years of age, she began looking for emotional help because of depression, and when asked if she knew what was "producing [her] depression," her answer was, "It still had to do with [Mannigel]."

Therefore, there is undisputed evidence via Anonymous' judicial admission that she knew within 2 years of her last treatment by Vasconcellos that her "significant emotional and psychological difficulties," to use her own words, were the result of sexual abuse by Mannigel. And, Anonymous was obviously aware during Vasconcellos' treatment that he was not treating her for sexual abuse, which, as said above, is the "basis of her cause of action." On October 9, 2003, Anonymous merely gained knowledge about why Vasconcellos may have improperly treated her, which, as said before, is not the type of information which triggers the discovery exception. Thus, the discovery exception to the 2-year statute of limitations is not implicated in this case, because the premise behind her invocation of the discovery exception—the alleged lack of knowledge of the connection between her sexual abuse and her emotional and psychological difficulties until told of such by Dr. Larson—must fail, given her judicial admission in the amended complaint to the contrary.

That said, while we have examined the discovery exception because that is how the parties and the trial court approached the statute of limitations issue, Anonymous' claim is also barred by the statute of limitations because during the 2-year statute of limitations period, she knew the "basis of her cause of action."

## CONCLUSION

We conclude that Anonymous' complaint is barred by the statute of limitations. We affirm the district court's grant of summary judgment and dismissal of the complaint.

AFFIRMED.